**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DAVID A. McDEARMID,**

    **Petitioner,**

**vs.**

                                                        **CASE NO. 4:08cv526-SPM/WCS**

**WALTER McNEIL,**

    **Respondent.**

                                     **/**

## REPORT AND RECOMMENDATION

This is a petition for writ of habeas corpus filed by David A. McDearmid pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner challenges his convictions for two counts of burglary of a dwelling, one count of burglary of a structure, two counts of grand theft, and one count of criminal mischief[1] in the Circuit Court of the Second Judicial Circuit, in and for *Leon County, Florida, case number 2005CF2794A1. *Id*. Respondent filed an answer and the record in paper form. Doc. 10. References herein to exhibits are to the

---

[1] The criminal mischief conviction is not at issue. The sentence was a consecutive 197 days, imposed on February 16, 2006. Ex. B, R. 24, 27, 29. This petition was not filed until November, 2008, and Petitioner could not have been "in custody" on the date he filed this petition.

record in paper form. Petitioner filed a traverse. Doc. 11. Respondent concedes that the petition was timely filed. Doc. 10, p. 4.

**Procedural history**

Petitioner went to trial. During trial, Petitioner's attorney moved to suppress Petitioner's confession. The motion was denied. Petitioner then entered a nolo contendere plea to the charges. He was sentenced to concurrent 15 year terms on the second degree felonies and concurrent 5 year terms on the third degree felonies. He was sentenced as a prison releasee reoffender. Doc. 10, pp. 1-2.

**Section 2254 Standard of Review**

"Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c)." O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1 (1999). To properly exhaust remedies as required by § 2254(b), "the federal claim must be fairly presented to the state courts." Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (*citing* Picard). However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).[2]

---

[2] If no constitutional claims are raised, then §2254 is inapplicable and the exhaustion inquiry is irrelevant. Engle v. Isaac, 456 U.S. 107, 120, n. 19, 102 S.Ct. 1558, 1567, n. 19, 71 L.Ed.2d 783 (1982).

If a claim was not fairly presented but is procedurally barred from further state court review,[3] Petitioner must demonstrate cause for the default and actual prejudice, *or* demonstrate that the constitutional violation has probably resulted in conviction of an innocent person. Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2565, 115 L.Ed.2d 640 (1991); McCleskey v. Zant, 499 U.S. 467, 494-95, 111 S.Ct. 1454, 1470-71, 113 L.Ed.2d 517 (1991).

For a claim which was fairly presented and adjudicated on the merits by the state court, the state court's factual determinations are presumed correct unless the Petitioner rebuts the presumption by clear and convincing evidence. § 2254(e)(1); Fugate v. Head, 261 F.3d 1206, 1215 and n. 11 (11th Cir. 2001) (citation omitted). Section 2254(e)(2) provides that:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
>
>   (A) the claim relies on –
>
>     (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>     (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
>    (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

---

[3] Procedurally defaulted claims are considered technically exhausted because state court remedies no longer remain "available." The court therefore refers to "fairly presented" claims as having been *properly* exhausted, to distinguish them from claims exhausted by procedural default. See O'Sullivan, 526 U.S. at 848, 119 S.Ct. at 1734.

As explained by the Supreme Court, "[i]f there has been no lack of diligence at the relevant stages in the state proceedings, the prisoner has not 'failed to develop' the facts under § 2254(e)(2)'s opening clause, and he will be excused from showing compliance with the balance of the subsection's requirements." (Michael) Williams v. Taylor, 529 U.S. 420, 437, 120 S.Ct. 1479, 1491, 146 L.Ed.2d 435 (2000).

> For state courts to have their rightful opportunity to adjudicate federal rights, the prisoner must be diligent in developing the record and presenting, if possible, all claims of constitutional error. If the prisoner fails to do so, *himself or herself contributing to the absence of a full and fair adjudication in state court*, § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met. *Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.* Yet comity is not served by saying a prisoner "has failed to develop the factual basis of a claim" where he was unable to develop his claim in state court despite diligent effort.

529 U.S. at 437, 120 S.Ct. at 1491 (emphasis added).

Further, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d); Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000); Ramdass v. Angelone, 530 U.S. 156, 120 S.Ct. 2113, 2119-20, 147 L.Ed.2d 125 (2000).

> The "contrary to" clause in § 2254(d)(1) "suggests that the state court's decision must be substantially different" from the relevant Supreme Court

> precedent. Although a state court's decision that "applies a rule that
> contradicts the governing Supreme Court law is "contrary," a state court
> decision that applied "the correct legal rule" based on Supreme Court law
> to the facts of the petitioner's case would not fit within the "contrary to"
> clause even if the federal court might have reached a different result
> relying on the same law. In evaluating the "'unreasonable application'
> inquiry," the federal court should consider whether the state court's
> application of the law was "objectively unreasonable" and should not apply
> the subjective "'all reasonable jurists'" standard. The Supreme Court
> clarified that, under 28 U.S.C. § 2254(d)(1), the federal court may not
> issue the writ unless it finds that the state court applied Supreme Court
> law unreasonably.

Fugate, 261 F.3d at 1216 (summarizing the conclusions in Williams, citations omitted).

For an ineffectiveness of counsel claim, the "clearly established" standard is set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, "[a] convicted defendant making a claim of ineffective assistance of counsel must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." 466 U.S. at 690, 104 S.Ct. at 2066. In determining whether counsel gave adequate assistance, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." 466 U.S. at 690, 104 S.Ct. at 2066. Petitioner has a heavy burden, as he must show that "no competent counsel would have taken the action that his counsel did take." Fugate, 261 F.3d at 1217 (citation omitted). There are no rigid requirements or absolute duty to investigate a particular line of defense, and "more is not always better." *Id.* (citations omitted).

Even if Petitioner can show deficient performance, he must also show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability

sufficient to undermine confidence in the outcome." 466 U.S. at 694, 104 S.Ct. at 2068.

While <u>Strickland</u> explained the performance and prejudice prongs of analysis, the court need not address them in that order or even address both, as failure to demonstrate either step of <u>Strickland</u> is dispositive of the claim against the petitioner. 466 U.S. at 697, 104 S.Ct. at 2069.

**Ground one**

Petitioner contends his attorney was ineffective with respect to suppression of evidence (his confession) from an allegedly illegal arrest. Doc. 1, p. 4. Petitioner alleges that there "was no probable cause or factual information to detain the petitioner." *Id.* Petitioner alleges in his response that his attorney did not investigate this defense, did not depose witnesses, and did not file a motion to suppress prior to trial. Doc. 11, p. 2. It seems to be Petitioner's theory that his attorney erred by waiting until trial to interview the arresting investigator, Scott Sullivan, and to move to suppress. *Id.* Petitioner concedes that a motion to suppress was made during trial. *Id.*

Respondent admits that the same claim was raised in Petitioner's Rule 3.850 motion, but argues that it was lacking in specificity and failed to state a claim. Respondent argues that as a consequence, Petitioner failed to exhaust state court remedies and the claim is procedurally defaulted. Doc. 10, pp. 5-7.

Petitioner's first claim in his Rule 3.850 motion was essentially the same as he has alleged here. Petitioner's theory of ineffectiveness with respect to suppression of his confession is that his defense attorney did not investigate, did not depose the relevant witnesses, and did not file a motion to suppress (pretrial). Ex. I, R. 10. The

claim alleged that the evidence was "illegally" obtained, but did not allege why that was so. *Id*. There were no allegations as to what a particular witness might have said.

The Rule 3.850 court in part denied this claim as insufficiently alleged. The court reasoned:

> [Petitioner] *presents no valid legal argument which counsel could have presented in an effort to suppress the evidence*, as the driver was pulled over for running a stop sign and speeding (Attachment C at 78). The pat-down that revealed a crack pipe was legally done for officer safety. Id. at 75. Furthermore, the allegation that Defendant had a crack pipe was never brought out at trial and has no effect on his convictions.

Ex. I, R. 22 (emphasis added).

The claim made in this court suffers from the same insufficiency. Delaying a motion to suppress until trial is not ineffectiveness, standing alone. It does not matter when a lawyer acts if the actions are not ineffective. Further, a successful motion to suppress is a necessary predicate to any claim faulting counsel for the manner in which such a motion was presented. Kimmelman v. Morrison, 477 U.S. 365, 382, 109 S.Ct. 2574, 2586, 91 L.Ed.2d 305 (1986).

"A convicted defendant making a claim of ineffective assistance of counsel must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Strickland, 466 U.S. at 690, 104 S.Ct. at 2066. "Conclusory allegations of ineffective assistance are insufficient." Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (drug quantity at sentencing, failure to allege specific facts), *quoting*, United States v. Lawson, 947 F.2d 849, 853 (7th Cir. 1991) (same); Aldrich v. Wainwright, 777 F.2d 630, 636-37 (11th Cir. 1985), *cert. denied*, 479 U.S. 918 (1986) (defendant's conclusory allegations about the testimony of uncalled

witnesses are insufficient to state a claim of ineffective assistance of counsel); Bolder v. Armontrout, 921 F.2d 1359, 1363-1364 (8th Cir. 1990), *cert. denied*, 502 U.S. 850 (1991); United States v. Vargas, 920 F.2d 167, 169-170 (2d Cir. 1990), *cert. denied*, 502 U.S. 826 (1991).

Procedural default is irrelevant when, as here, a federal claim is not presented. Engle v. Isaac, 456 U.S. 107, 121, n. 19, 102 S.Ct. 1558, 1568, n. 19, 71 L.Ed.2d 783 (1982) (rejecting argument that insufficiency of claim demonstrated lack of prejudice due to procedural default: "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts"). Alternatively, Petitioner did not present a sufficient claim in state court and has not shown that the state court's ruling has "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

**Ground two**

Petitioner contends that his attorney was ineffective because his attorney told him that if he did not "stop this trial" and plead, he would be sentenced to a term of 45 years in prison. Doc. 1, p. 4. Petitioner argues that this was erroneous advice because he could not be sentenced to consecutive sentences for the same criminal episode. Doc. 11, p. 4. As with ground one, Petitioner fails to allege how this could be so.

In denying this claim, the Rule 3.850 court held that the advice was not erroneous. Ex. I, R. 22. The court determined that the crimes committed by Petitioner were "committed on different days and were not part of a single criminal episode." The

court cited Attachment D, the information, which charged burglaries at three separate dwellings (two counts) and a structure (one count) on three separate days, and charged separate instances of grand theft associated with those burglaries. Ex. I, R. 47-48. The maximum potential penalty was 45 years when the maximums for each felony were added. *Id.*, Attachment A (judgment), Ex. I, R. 25-34. Petitioner was advised by the court of the potential maximum sentence of 45 years when he entered his plea. Ex. I, R. 38. Consecutive sentences for a total of 45 years were authorized since the offenses were separate. Reeves v. State, 957 So. 2d 625 (Fla.), *cert. denied*, 552 U.S. 1012 (2007). Thus, Petitioner has not shown that the state court's ruling has "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

**Ground three**

Petitioner faults his lawyer for failing to argue at sentencing that a victim had requested that he receive a lesser sentence. Doc. 1, p. 5. Petitioner argues that his attorney should have presented this issue to the supervisor of the particular prosecutor assigned to the case. *Id*. He asserts that the victim wanted him to serve only a seven year sentence. Doc. 11, p. 5.

In denying this claim as presented in the Rule 3.850 motion, the state court said:

> The victim, Law Hendrix, testified at the sentencing hearing that he
> believed that Defendant should serve seven years followed by two years
> of drug treatment (Attachment E at 20-21). However, the sentencing
> judge could not honor the victim's wish because the PRR [prison releasee
> reoffender] sentence was mandated by statute. Id. at 34-35. No amount
> of argument on this issue would have changed the mandatory sentencing

> scheme, and counsel is not ineffective for failing to engage in such argument.

Ex. I, R. 23.

This was correct. Pursuant to Florida law, when the prosecutor seeks prison releasee offender sentencing and the court finds that the offender qualifies, the court must sentence the defendant as a releasee reoffender, not under the Florida sentencing guidelines. State v. Cotton, 769 So. 2d 345 (Fla. 2000). Petitioner has not shown that the state court's ruling has "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

**Ground four**

Petitioner alleges that his attorney had a conflict of interest. Doc. 1, p. 5. Petitioner asserts that the arresting investigator was the husband of Petitioner's lawyer's lead secretary, and that the investigator was a friend of Petitioner's lawyer. *Id.* Petitioner alleges that this conflict of interest caused his attorney to fail "to expose the illegal acts his friend and secretary's husband had committed while taking the Petitioner into custody without probable cause."

In denying this claim, the Rule 3.850 court said:

> Even taking Defendant's allegations as true, they do not forma facially sufficient basis to withdraw the plea. Defendant affirmed that he had not been threatened by anyone or promised anything in exchange for his pleas (Attachment B at 6), and that he was pleased with his attorney's representation. Id. at 5. The claim that counsel's alleged relationship with the investigator somehow led him to fail to examine the legality of the stop and search is purely speculative; furthermore, as explained above, those issues are without merit. Additionally, Defendant fails to state that he would have proceeded with the remainder of his trial but for this deficiency and therefore cannot satisfy the requirements of Strickland.

Case No. 4:08cv526-SPM/WCS

Ex. I, R. 23.

"In order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980). Counsel's conflict must be actual rather than possible or hypothetical. Buenoano v. Singletary, 74 F.3d 1078, 1086 (11th Cir.), *cert. denied*, 117 S.Ct. 520 (1996). An "actual conflict" of interest occurs when a lawyer has "inconsistent interests." Freund v. Butterworth, 165 F.3d 839, 859 (11th Cir. 1999). A presumption of prejudice arises only after a showing of "adverse effect," that "counsel refrained from pursuing a reasonable, alternative defense strategy because of an actual conflict." 165 F.3d at 860.

Petitioner has not shown that he had a viable motion to suppress his confession. Thus, he has not shown how an actual conflict of interest adversely affected his lawyer's performance. Consequently, he has not shown that the state court's ruling has "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

**Certificate of Appealability**

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely

notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2254 Rule 11(b).

I find no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, I recommend that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party should bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

**Conclusion**

Accordingly, it is **RECOMMENDED** that 28 U.S.C. § 2254 petition for writ of habeas corpus filed by David A. McDearmid challenging convictions for two counts of burglary of a dwelling, one count of burglary of a structure, two counts of grand theft, and one count of criminal mischief in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, case number 2005CF2794A1, be **DENIED WITH PREJUDICE** and that a certificate of appealability be **DENIED** pursuant to § 2254 Rule 11(a).

**IN CHAMBERS** at Tallahassee, Florida, on December 21, 2010.

                                                s/    William C. Sherrill, Jr.
                                                **WILLIAM C. SHERRILL, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**